# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 2:12-cr-00129-NT |
| | ) | |
| | ) | |
| HAZEN D. SHAW | ) | |

## ORDER LIFTING STAY

Defendant Hazen D. Shaw was indicted on July 25, 2012, for escaping from the custody of the United States Bureau of Prisons, Pharos House Community Corrections Center on June 30, 2012. On September 28, 2012, this Court, pursuant to a motion by defense counsel, ordered a psychiatric or psychological examination of the Defendant pursuant to 18 U.S.C. § 4241(a) and (b), and 4247(b). On February 25, 2013, Dr. Miriam Kissin of the Federal Medical Center in Devens, Massachusetts filed a report with the Court expressing the opinion that the Defendant was unable to assist his attorney effectively in his defense and recommending that the Defendant be committed for further evaluation and treatment for restoration of competency.

On March 27, 2013, a competency hearing pursuant to 18 U.S.C. § 4247(d) was held. The Court found by a preponderance of the evidence that the Defendant was then suffering from a mental disease or defect that rendered him unable to assist properly in his defense and committed the Defendant to the custody of the Attorney General to determine if the Defendant could be restored to competency pursuant to 18 U.S.C. § 4241(d) & (e).

On October 8, 2013, the Court received the report of Dr. Jill R. Grant of the Federal Medical Center in Butner, North Carolina, concluding that the Defendant remains not competent to proceed to trial. Dr. Grant opined that the Defendant would require involuntary treatment with psychotropic medications to restore competency under a procedure set forth in *Sell v. United States,* 539 U.S. 166 (2003).

On October 18, 2013, the Court granted the Government's motion for an order directing the United States Bureau of Prisons to conduct an evaluation of the Defendant to determine whether his release would present a substantial risk of bodily injury to any person or of damage to property under 18 U.S.C. § 4246(a) and the Government's motion to dismiss the pending indictment without prejudice. Upon the Government's request and with no objection from defense counsel, the Court stayed the entry of the dismissal until such time as the dangerousness evaluation was completed.

On January 24, 2014, the Court received a forensic evaluation from the Federal Medical Center in Butner, which concluded that the Defendant does not meet the criteria for commitment under 18 U.S.C. § 4246.

Accordingly, having received the dangerous evaluation, the Court now **LIFTS**

the stay of the dismissal. The Court **DIRECTS** the Bureau of Prisons, through FMC Butner, to release the Defendant and return him to Maine.

SO ORDERED.

/s/ Nancy Torresen<br>United States District Judge

Dated this 29th of January, 2014.